IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANDREW SCOTT, # 164994                                                                             PETITIONER

VS.                                                                  CIVIL ACTION NO.  2:20-cv-138-TBM-FKB

WARDEN SHELBY                                                                                      RESPONDENT

### REPORT AND RECOMMENDATION

Before the Court is the petition for habeas corpus relief, filed by Andrew Scott pursuant to 28 U.S.C. § 2254.  *See* [1].  Respondent has filed a Motion to Dismiss [9] pursuant to 28 U.S.C. § 2244(d), to which Scott has not responded.  For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

I.   FACTS AND PROCEDURAL HISTORY

In his petition, Scott states that he is challenging a six-year sentence for the unlawful touching of a child that was imposed on September 6, 2016, by the Circuit Court of Forrest County, Mississippi.  [1] at 1.  He asserts that he is entitled to relief because of faulty expert witness testimony and the prosecution's failure to test the biological evidence.  *Id.* at 5.  He argues that he was unable to exhaust his administrative remedies on these grounds because he was incarcerated at the time, and he "didn't have the know how" to present the information to the court.  *Id.*

However, a review of the records demonstrates that Scott has no conviction dated September 6, 2016.  Instead, his underlying conviction for unlawful touching of a child dates back to 2011, and he subsequently failed to register as a sex offender on September 7, 2016, which prompted proceedings to revoke his suspended sentence and Post-Release Supervision.  *See* [9-1]; [9-4] at 1.

Turning to his underlying conviction, Scott pleaded guilty to the crime of touching of a child for lustful purposes, Miss. Code Ann. § 97-5-23(1)(1972), as amended, in the Circuit Court of Forrest County, Cause No. 10-466CR, on February 4, 2011. [9-1] at 10. At that time, the Circuit Court sentenced Scott to a total term of fifteen (15) years in the custody of the Mississippi Department of Corrections ("MDOC"), plus fines and restitution, to be served as five (5) years in custody, with ten (10) years suspended, followed by five (5) years of Post-Release Supervision. *Id.* at 10-11. There is no record of any appeal from the conviction or a properly filed motion for post-conviction relief. *See* [9-5].

MDOC records show that Scott was released on probation on April 11, 2015. [9-2] at 1. Thereafter, on February 6, 2017, the Circuit Court of Forrest County entered an order in Cause No. 10-466CR revoking Scott's Post-Release Supervision based on his failure to register as a sex offender on or about September 7, 2016, and his failure to pay other fees and restitution. [9-3], [9-4]; *see also* Miss. Code Ann. § 45-33-29 (1972). In the same order, the Circuit Court revoked his ten-year suspended sentence and sentenced him to serve six (6) years in custody of the MDOC, with the remaining four (4) years suspended. [9-3]. In addition, on February 6, 2017, Scott pleaded guilty to failure to register as a sex offender in Cause No. 17-005H, and the Circuit Court sentenced him to one (1) year in the custody of the MDOC, to be served consecutively to his sentence imposed in Cause No. 10-466CR. [9-4] at 9. The MDOC has calculated Scott's tentative discharge date as September 6, 2023. [9-2] at 2.

Under Mississippi law, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101 (2008). Therefore, Scott's February 4, 2011, conviction for the crime of touching of a child for lustful purposes, Cause No. 10-466CR, became final on February 4, 2011, the date the

2

state circuit court filed its sentencing order. *See Roberts v. Cockrell*, 319 F.3d 590 (5th Cir. 2003). Likewise, Scott's sentence pursuant to the revocation became final on the date of revocation and sentencing, February 6, 2017. *See Griffin v. State*, 382 So. 2d 289, 290 (Miss. 1980))("An order revoking a suspension of sentence or revoking probation is not appealable."). And Scott's conviction for the crime of failure to register as a sex offender became final on the date the circuit court entered the sentencing order, February 6, 2017. *Roberts*, 319 F.3d at 590.[1]

State court records show that on December 20, 2019, Scott filed an Application for Leave to Proceed in the Trial Court before the Mississippi Supreme Court and referenced his conviction in Cause No. 10-466CR. *Scott v. State of Miss.*, 2019-M-01872 (Miss. 2020). By order issued on January 8, 2020, the Mississippi Supreme Court denied relief, finding that because Scott's underlying conviction and sentence were never appealed, "a petition for post-conviction relief 'shall be filed as an original action *in the trial court* . . . .'" [9-5](quoting Miss. Code Ann. § 99-39-7)(emphasis in original). According to the State, as of the filing of its motion, Petitioner had not pursued post-conviction relief in state court. [9] at 8.

Scott's petition was filed in this court on July 29, 2020. [1] at 1. Although Scott signed his petition alleging claims for habeas corpus relief, he failed to date it. *See* [1] at 15. Because his petition was received as "legal mail" at his facility on June 30, 2020, the Court will consider that date as the date of filing for purposes of the statute of limitations. *See* [1-2]; *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished)("For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery

---

[1] The Court observes, however, that the petition does not appear to attack his conviction for failure to register as a sex offender.

3

to the court is considered the time of filing for limitations purposes."). The State responded with its Motion to Dismiss [9], arguing that the petition is untimely, or alternatively, that Scott has failed to exhaust his claims in state court. For the reasons explained below, the undersigned recommends that the Motion to Dismiss be granted.

II. DISCUSSION

The State asserts that Scott's petition is untimely under 28 U.S.C. § 2244(d). Amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

The AEDPA, enacted on April 24, 1996, imposed a one-year statute of limitations for the filing of a federal habeas petition. Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D)

apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly-filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 199 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

According to the State, Scott's petition is untimely filed. If the Court reads his petition to challenge his February 4, 2011, guilty plea and conviction for touching a child for lustful purposes, it was due in this Court by February 6, 2012. *See* § 2244(d)(1)-(2). Instead, Scott filed his petition on June 30, 2020, when it was received by prison officials. Thus, his petition challenging his 2011 conviction was filed over eight years after the expiration of AEDPA's one-year statute of limitations.

Likewise, if the Court construes his petition to challenge the February 6, 2017, revocation of his suspended sentence and his Post-Release Supervision, his petition was due in this Court by February 6, 2018. When Scott filed his petition on June 30, 2020, it was filed over two years beyond the expiration of the AEDPA's one-year statute of limitations.

Furthermore, his "Application" for leave to proceed in the state trial court, filed with the Mississippi Supreme Court on December 20, 2019, does not assist his habeas efforts here for two reasons. First of all, that Application did not qualify as a "properly filed application for State

post-conviction" relief that would toll the federal statute of limitations. *See Moore v. Cain*, 298 F.3d 361, 366-367 (5th Cir. 2002); *see also Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004)(quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)(finding that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.")). Furthermore, as the Application was filed after the expiration of both statutes of limitations discussed above, the filing had no impact on the already-expired limitations periods. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(expired limitations period cannot be revived by filing a state habeas petition).

Scott's petition, furthermore, does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way).

Scott's petition was received by the MDOC for mailing on June 30, 2020. Thus, if his petition is construed to challenge his February 4, 2011, underlying conviction, it was filed over eight years beyond the expiration of the statute of limitations, as established by the AEDPA. Broadly construing his petition to challenge his February 6, 2017, revocation of his suspended sentence and Post-Release Supervision, it was filed over two years beyond the expiration of the federal statute of limitations. Accordingly, the undersigned concludes that Petitioner has shown no reason he should be excused from meeting the AEDPA deadlines, and the petition should be

6

dismissed as untimely filed. Because the Court finds that the petition should be dismissed on this basis, the question whether Petitioner exhausted his claims in state court is moot.

III.    CONCLUSION

For the reasons set forth in this Report and Recommendation, the Motion to Dismiss [9] should be granted, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of May, 2021.

/s/ F. Keith Ball                         .
UNITED STATES MAGISTRATE JUDGE