IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANDREW SCOTT, #164994**                                                               **PETITIONER**

**v.**                                        **CIVIL ACTION NO. 2:20-cv-138-TBM-FKB**

**WARDEN SHELBY**                                                                   **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT CITY OF PETAL'S MOTION TO DISMISS

This matter is before the Court on submission of the Report and Recommendation [12] entered by United States Magistrate Judge F. Keith Ball on May 12, 2021. The Defendant filed a Motion to Dismiss [9] on September 30, 2020, pursuant to 28 U.S.C. § 2244(d), and the Petitioner did not respond. Upon consideration of the record and relevant legal authority, Judge Ball recommends that the Respondent's Motion to Dismiss [9] should be granted, and that this case should be dismissed with prejudice.

A copy of the Report and Recommendation was mailed to the pro se Petitioner via United States Postal Service on May 12, 2021. Pursuant to 28 U.S.C. § 636(b)(1), objections to a Report and Recommendation must be filed within fourteen days. Accordingly, the Petitioner had until May 26, 2021 to file his objections to the Report and Recommendation. Under the prison mailbox rule, "a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *Thompson v. Raspberry*, 993 F.2d 513, 414 (5th Cir. 1993). While the Petitioner's Objections [13] were filed with the Court on June 4, 2021, his objection is dated May 26, 2021. The Court finds his objections timely. *See Pacheco v. Corrections Corp. of America*, No. 5:14-cv-88-DCB, 2015 WL 3745626, n. 2 (S.D. Miss. Jun. 15, 2015).

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review[.]" *Id*. When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Rather than objecting to Judge Ball's findings, the Petitioner merely reurges the allegations found within his Petition which attack his underlying conviction. Specifically, the Petitioner's Objections concern his claims "that he was illegally convicted based solely on expert witness testimony" and that "biological evidence exists, that if properly tested 'would demonstrate by reasonable probability that [he] would not have been convicted.'" [13], pg. 1. Accordingly, the Petitioner's Objections are not related to a specific finding within the Report and Recommendation, as Judge Ball did not address the merits of the Petitioner's arguments because the Petition was untimely filed. [12], pg. 5 (finding the Petition was eight years untimely for his 2011 conviction and two years untimely for his 2017 revocation of his suspended sentence and post-

relief supervision). Because the Petitioner did not object to the finding that his Petition should be dismissed as untimely filed, and instead reurged the allegations found within his Petition, the Court finds that his Objections do not merit a *de novo* review of the Report and Recommendation. The Petitioner's Objections [13] are therefore overruled.

Having reviewed the Report and Recommendation for clear error, and finding none, the Court is satisfied that Judge Ball has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Within the Report and Recommendation, Judge Ball explains that the Petitioner pleaded guilty for unlawful touching of a child on February 4, 2011, and that he subsequently failed to register as a sex offender on September 7, 2016, which prompted the proceedings to revoke his suspended sentence and Post-Release Supervision. The Petitioner then pleaded guilty to failure to register as a sex offender.

The Report and Recommendation notes that there is no direct appeal from a guilty plea under Mississippi law, and that his underlying conviction became final on February 4, 2011. The Report and Recommendation also explained that an order revoking a suspension of sentence or revoking probation is not appealable, and that his conviction for failure to register as a sex offender became final on February 6, 2017. Because his Petition was filed in this Court on July 29, 2020, Judge Ball found that his Petition is untimely pursuant to 28 U.S.C. § 2244(d), which imposes a one-year statute of limitations for the filing of a federal habeas petition. Judge Ball found that if the Court read his Petition to challenge his February 4, 2011 guilty plea and conviction for touching of a child for lustful purposes, it was due in this Court on February 6, 2012. Alternatively, Judge Ball found that if the Court construes his Petition to challenge the February 6, 2017 revocation of his suspended sentence and his Post-Relief Supervision, his Petition was due in this Court on February

6, 2018. Finally, Judge Ball found that the Petitioner did not properly file for State post-conviction relief that would toll the statute of limitations, and that he does not set forth any circumstances to warrant equitable tolling. The Court finds that the Report and Recommendation is neither clearly erroneous nor contrary to law.

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [12] entered by United States Magistrate Judge F. Keith Ball on May 12, 2021 is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that the Respondent's Motion to Dismiss [9] is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus is DENIED, and this CASE is DISMISSED with PREJUDICE.

THIS, the 22nd day of July, 2021.

                                                TAYLOR B. McNEEL
                                                UNITED STATES DISTRICT JUDGE