## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**ANDREW SCOTT, #164994**                                                         **PETITIONER**

**v.**                                                        **CIVIL ACTION NO. 2:20-cv-138-TBM-FKB**

**WARDEN SHELBY**                                                                  **RESPONDENT**

### ORDER DENYING RELIEF FROM JUDGMENT

Petitioner Andrew Scott, a *pro se* prisoner, has filed a Motion to Dismiss [17], and two Motions for Default Judgment [19 & 22], after the Court entered Final Judgment denying his petition for habeas corpus. [16]. The Court liberally construes the Motion to Dismiss [17] as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and the Motions for Default Judgment [19 & 22] as motions for relief from judgment under Federal Rule of Civil Procedure Rule 60(b). Scott fails to demonstrate a compelling reason for this Court to reconsider its original judgment and denial of a Certificate of Appealability. His motions are denied.

### I. BACKGOUND

Scott filed a habeas petition challenging: (1) his 2011 conviction in the Circuit Court of Forrest County for unlawful touching of a minor, and (2) his subsequent 2017 revocation of his suspended sentence and post-release supervision for failing to register as a sex offender. Magistrate Judge Keith Ball entered a Report and Recommendation [12] recommending that Scott's petition be denied as untimely filed under the one-year statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). Scott objected to the Report and Recommendation, and the Court found his Objections timely under the prison mailbox rule. [15], pg. 1. *See Thompson v. Raspberry*, 993 F.2d 513, 414 (5th Cir. 1993). The Court overruled

Scott's Objections and adopted the Report and Recommendation. [15]. Final judgment denying Scott's habeas petition was entered on July 22, 2021. [16].

Scott filed a Motion [17], stylized as a Motion to Dismiss, challenging the final judgment on August 16, 2021. He filed another Motion [19], stylized as a Motion for Default Judgment, also challenging the final judgment on September 13, 2021. Additionally, Scott appealed the Court's judgment to the Fifth Circuit. After the Court issued an Order [21] denying a Certificate of Appealability, Scott filed a second Motion for Default Judgment [22], this time challenging both the final judgment and the Court's denial of a Certificate of Appealability. All three Motions essentially ask the Court to retract its Final Judgment, and the second Motion for Default Judgment requests that the Court grant Scott a certificate of appealability.

## II. DISCUSSION

Though stylized as Motion to Dismiss and Motions for Default Judgment, in essence—liberally construed—the petitioner seeks either to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or relief from judgment under Federal Rule of Civil Procedure 60(b). The Motion to Dismiss mentions Mississippi Rule of Civil Procedure 63, which like Federal Rule of Civil Procedure 63 applies when a judge is unable to proceed for disability or otherwise and a new judge is needed. The rule is inapplicable here. The Motions for Default Judgment mention Federal Rule of Civil Procedure 55(b), which establishes the rules for issuing a default judgment. This rule also does not apply to Scott's case. Only the second Motion for Default Judgment mentions Rule 60(b). The Court will liberally construe all three motions as either motions to alter or amend judgment under Rule 59(e) or motions for relief from judgment under Rule 60(b).

2

This Court determines whether a motion to reconsider a previous judgment is a motion to amend or alter the judgment under Rule 59 or a motion for relief from judgment under Rule 60 "based on when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Tex. A & M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Id.* Only the Motion to Dismiss [17], filed on August 16, 2021, and signed on August 6, 2021, was filed within twenty-eight days of the final judgment. Thus, the Court will construe the Motion to Dismiss [17] as a motion to alter or amend judgment under Rule 59(e), and the Motions for Default Judgment [19 & 22] as motions for relief from judgment under Rule 60(b).

**A. Rule 59(e) Motion to Alter or Amend**

To prevail on a motion to alter or amend judgment, the petitioner must demonstrate either (1) "manifest error of law or fact," (2) "newly discovered evidence," or (3) "an intervening change of controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 845, 863–64 (5th Cir. 2003)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emps. Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

Scott's Motion to Dismiss does not allege an intervening change of law or that newly discovered evidence is available. Rather, Scott appears to argue that the Court erred by not treating his Objections to the Report and Recommendation timely under the prison mailbox rule. [17], pp. 1-2. But the Court *did* consider his Objections timely in its Order Adopting Report and

Recommendation. *See* [15], pg. 1. Instead, the Court overruled Scott's Objections because the Objections did not address the Report and Recommendation's findings that Scott's habeas petition should be dismissed for failing to be filed within the AEDPA's one-year statute of limitations. [15], pp. 2-3. To be clear: the Court's Order found Scott's *Objections* to be timely, but his *Petition* to be untimely. Scott has not demonstrated a manifest error of law or fact in this regard. Scott's Motion to Dismiss [17], construed as a motion to alter or amend judgment, is denied.

**B. Rule 60(b) Motions for Relief from Judgment**

In the habeas context, a Rule 60 motion for relief from judgment poses a threshold question. A Rule 60 motion may be considered a second or successive habeas petition and be subject to the requirements of 28 U.S.C. § 2244(b). *Gonzalez v. Crosby*, 545 U.S. 524, 528–32, 125 S. Ct. 2641, 162 L. Ed.2d 480 (2005).[1] To determine whether a Rule 60 motion is in reality a successive habeas petition—allowable only in narrow circumstances and with permission of a court of appeals, *see* 28 U.S.C. § 2244(b)—or a proper Rule 60(b) motion, courts look to whether the motion raises a new "claim." *Gonzalez*, 545 U.S. at 530-32. The distinction is between substance and procedure. The Fifth Circuit explained:

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive—and thus a successive habeas petition—if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.

---

[1] A Rule 59 motion, on the other hand, is not a successive habeas petition. *Banister v. Davis*, ---U.S.---, 140 S. Ct. 1698, 1702, 207 L. Ed.2d 58 (2020).

4

*In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 532). In other words, a federal habeas court may properly consider a Rule 60(b) motion only if "(1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination." *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (citing *Gonzalez*, 545 U.S. at 532, 532 n.4). The Court did not reach Scott's habeas claims on the merits, but instead held that his petition was time-barred. [15], pp. 3-4. *See Gilkers*, 904 F.3d at 344 (quoting *Gonzalez*, 545 U.S. at 532 n.4) ("Additionally, 'when [the movant] merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial of such reasons as. . . [a] statute-of-limitations bar,' then the district court may properly consider the Rule 60(b) motion."). Nor does Scott bring any new substantive claims in his Motions for Default Judgment. Thus, his motions are not successive habeas petitions, and the Court may properly consider them under Rule 60(b).

Rule 60(b) allows a court to relieve a party of a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). In his first Motion for Default Judgment [19], Scott made an argument identical to his Motion to Dismiss [17]: the Court failed to treat his Objections to the Report and Recommendation timely under the prison mailbox rule. Because the Court did, in fact, consider

5

his Objections timely, Scott fails to present any reason to Court in his first Motion for Default Judgment justifying relief. Scott's first Motion for Default Judgment [19] is denied.

In his second Motion for Default Judgment [22], Scott argues that he should obtain relief from judgment for "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). It is unclear what "mistake, inadvertence, surprise, or excusable neglect" he refers to. He states that the Respondent "neglected and fail[ed]" its "duty to check the docket" when the Respondent stated that Scott had not filed an appeal to the Fifth Circuit in its Response [20][2] to his first Motion for Default Judgment [19]. [22], pg. 2. Assuming that Respondent's statement in its Response is the "neglect" he refers to, he offers no explanation whatsoever as to how a mistake in the Respondent's brief justifies relief from the Court's judgment.

Alternatively, if Scott argues that his failure to comply with the AEPDA's one-year statute of limitations was the result of his "mistake, inadvertence, surprise, or excusable neglect," no relief is warranted. Equitable tolling of the AEDPA's statute of limitations only applies in "rare and exceptional circumstances." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999)). The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotations omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). A "'garden variety claim of excusable neglect' by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Scott has not demonstrated such

---

[2] The Respondent may have claimed that Scott did not file an appeal with the Fifth Circuit because Scott mistakenly stated in his Notice of Appeal [18] that he was appealing to the Supreme Court of Mississippi. [18], pg. 1.

6

"rare and exceptional circumstances" that justify failing to abide by the AEPDA's statute of limitations. *Scott*, F.3d at 263. Scott fails to show grounds for relief under Rule 60(b)(1).

Finally, Scott's second Motion for Default Judgment [22] asks the Court for relief from its Order [21] denying a Certificate of Appealability and to instead grant Scott a Certificate of Appealability. The Court stated in its Order that "[t]he applicant has failed to make a substantial showing of the denial of a constitutional right." [21], pg. 1. Scott's motion does not offer any reason for the Court to reconsider this finding. Thus, Scott's second Motion for Default Judgment is denied.

### III. CONCLUSION

THEREFORE, IT IS ORDERED AND ADJUDGED that, for the reasons stated above, Scott's Motion to Dismiss [17] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Scott's first Motion for Default Judgment [19] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Scott's second Motion for Default Judgment [22] is DENIED.

THIS, the 28th day of December, 2021.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE